## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **CRYSTAL GREEN, on behalf of** | **:** | |
| **Juvenile M.G.,** | **:** | |
| | **:** | **Civil Action No. 5:12-CV-100 (HL)** |
| **Plaintiff,** | **:** | |
| | **:** | |
| **vs.** | **:** | |
| | **:** | |
| **ANDY CARTER CLEMENTS, JR.** | **:** | |
| **d/b/a ABBEVILLE DISCOUNT** | **:** | |
| **PHARMACY and ELIZABETH C.** | **:** | |
| **CANNON,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

## CONFIDENTIALITY ORDER

Both the GBI and the Wilcox County DFACS having previously furnished confidential documents pertaining to "M.G." to the Court for in camera inspection and the Court having reviewed the documents and found that they are necessary for the determination of an issue before the Court, the Court directs that said documents be delivered to counsel for Defendants and that these restrictions on further dissemination of the documents will apply:

1.      Defense counsel will mark all confidential documents he receives from the Court as "Confidential" and with appropriate "Bates stamping" so as to indicate the original source of the documents.  Counsel for Defendants will then share copies of the documents with counsel for the Plaintiff.

2.      Thereafter, counsel will not further disseminate the documents, or any information contained thereon, except to members of their office staff having a reasonable need to see the information in connection with their duties, named parties, experts or consultants hired by counsel to aid them in the case, and/or claims personnel of insurance companies having a

pecuniary interest in this case.  Counsel will notify all of these persons of the confidentiality of the documents and of the provisions of this Order and of their duty to comply therewith.  In any event, any person receiving a confidential document or information shall be bound hereby.

3.      Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as Confidential pursuant to the terms of this Order. Counsel shall maintain a record of those persons who have reviewed or been given access to the documents.

4.      All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as Confidential under this Order or any portion of such a document, shall be immediately affixed with the designation "Confidential" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

5.      In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: seeking permission to file the document under seal.

6.      Within 30 days after the conclusion of this case, all such confidential documents, and all copies thereof, shall be returned by counsel to the entity who originally produced those documents to the Court.

SO ORDERED this 19th day of November, 2012.

s/ Hugh Lawson
HUGH LAWSON, SENIOR JUDGE